some expressions in the opinion which would seem to indicate that the defendant was liable without any action by the city authorities; but what was said in relation to the railroad law was not necessary to a decision of the case, as the liability could have been and was placed upon the provision of the charter of the railroad company; but it seems to me that the views of the Court of Appeals, as expressed in Conway v. City of Rochester, are inconsistent with the intimation of the court in the Doyle Case.

I think, therefore, the judgment should be reversed.

McLAUGHLIN, J., concurs.

(117 App. Div. 793)

### BEN FRANKLIN TRANSP. CO. v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

**1. APPEAL—REVIEW—FINDINGS.**

Where there is some evidence in support of a party's contention, but the jury has found against it, in the absence of reversible error, the judgment will not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3912–3924.]

**2. NAVIGABLE WATERS—REMOVAL OF OBSTRUCTIONS—LIMITATION ON GRANT— DUTIES.**

Laws 1899, c. 562, p. 1153, granting title to land under the waters of the Hudson river at the mouth of the Nepperhan stream to the defendant city, and providing that this land be forever kept free from docks, piers, or other structures preventing the use of the same by shipping, cannot be construed to require the defendant to remove obstructions which are created by others or by the natural action of the waters of the two streams.

Appeal from Westchester County Court.

Action by the Ben Franklin Transportation Company against the city of Yonkers. Judgment for defendant, and plaintiff appealed. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

James M. Hunt, for appellant.
Thomas F. Curran, for respondent.

WOODWARD, J. The plaintiff's action is for damages alleged to have been sustained by reason of the defendant's obstructions in the waters of the Hudson river, preventing the plaintiff reaching its docks. The theory of the action is that the defendant, through its construction and maintenance of sewers, and by dumping snow and ice in the Nepperhan stream, which flows through the defendant city and empties into the Hudson river, has caused an obstruction by reason of the settling of the refuse and sewage which has interfered with the plaintiff's rights at its docks. The city has, at intervals, dredged out the basin. Some time prior to the bringing of this action the plaintiff complained to the defendant of the alleged obstruction, and requested that the same be removed. The defendant

did not act in the matter.   The plaintiff then undertook the work of dredging upon its own account, and presented its bill to the defendant for payment, and the action is, in effect, to compel the defendant to pay the cost of removing this alleged obstruction.   Upon the trial of the action there was a conflict of evidence as to the cause of the obstruction.   On the part of the defendant there was evidence that the Nepperhan stream drained a large territory outside of the city of Yonkers, including several villages; that private sewers emptied into the stream; that the plaintiff stabled horses upon the dock and emptied refuse into the basin, and that the sewers which had been constructed and maintained by the city did not discharge into the Nepperhan stream, except in cases of floods; and that then the overflow was of water merely, the sewage having been washed out clean before there could be an overflow, and the sewers discharged directly into the Hudson river at a point which did not affect the plaintiffs.   There was some evidence in support of the plaintiff's contention, but the jury has found against it, and, in the absence of reversible error, the judgment should not be disturbed.

The plaintiff contends that the court made a fatal error in its charge to the jury.   It seems that by the terms of chapter 562, p. 1153, of the Laws of 1899, the city of Yonkers was granted title to the fee of the land under the waters of the Hudson river at the mouth of the Nepperhan stream, and it was provided in the act that:

"The land so granted by this section to the city of Yonkers, shall be forever kept unobstructed and free from the docks, piers or other structures preventing the use of the same by shipping."

The learned court in its charge to the jury said:

"But I charge here that they [the city] were only obliged to keep it unobstructed from any act of their own."

The court was requested to charge, and did charge the two following requests:

"I ask your honor to charge that there is no liability incurred by this city for the cleansing of the mouth of this stream under the act (chapter 562, p. 1153, of the Laws of 1899)."
"I ask you to charge that they are not liable at all under that act for the cleaning of this basin."

There was no exception to the ruling of the court upon these two requests; counsel for the plaintiff contenting himself with the following:

"I have no fault to find with your honor's charge; but, in order to raise the legal question, I ask permission to except to that part of your charge in which, referring to the act of 1899, you said that the city would only be liable to maintain this slip, or this property described in the act, unobstructed from any act of their own, and not from any act of others."

This exception relates purely to the duty of the defendant under the act of 1899, and we are clearly of opinion that the language of the act does not contemplate imposing a duty upon the municipality to dredge this slip for the benefit of private parties, but was intended merely as a limitation upon the grant that the city should not use the lands for the purposes of docks, piers, or other structures tending to

obstruct navigation. The duty might go to the extent of requiring the municipality to keep the lands free from obstructions of its own creating other than docks, piers, etc., but it cannot be fairly construed to require the defendant to remove obstructions which are created by others, or by the natural action of the waters of the Nepperhan stream, and the charge does not seem to be open to criticism.

We are of opinion that the verdict was not against the weight of evidence as to the cause of the obstruction complained of, and we discover no reason for disturbing the result reached.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(117 App. Div. 796)

## In re STRANG.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

1. TAXATION—INHERITANCE TAX—COLLECTION.

2. SAME.

Laws 1887, p. 921, c. 713 (Taxable Transfer Act), amending Laws 1885, p. 820, c. 483, in section 1 provides that all administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid as directed. Section 2 provides that the tax prescribed by the act shall be immediately due and payable to the treasurer of the proper county and together with the interest thereon shall be and remain a lien on the property until the same is paid. Section 9 (page 923) declares that it shall be the duty of executors, administrators or trustees of an estate to report to the treasurer or comptroller of the county within six months of assuming office that they have the estate in their possession and that it is subject to tax. Code Civ. Proc. § 382, subd. 2, fixes a limitation of six years upon an action to recover a liability created by statute. *Held*, that if Code Civ. Proc. § 382, subd. 2, were a bar to proceedings under Laws 1887, p. 921, c. 713, amending Laws 1885, p. 820, c. 483, yet the bar might be removed and the repeal relate back to the original